IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 10-cr-00612-CMA-02

UNITED STATES OF AMERICA,
   Plaintiff,

v.

1. JOSHUA BODEAN SMITH, and
2. **BIANCA SOTO**,

   Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Defendant Soto's Motion to Reconsider Order Regarding Motions to Sever. (Doc. # 211.) In this motion, Defendant Soto requests that the Court reconsider its August 9, 2012 Order (Doc. # 200) that denied Defendant Soto's motion to sever. (Doc. # 42.)

The Federal Rules of Criminal Procedure do not recognize motions to reconsider; this Court has utilized the standard for evaluating a motion to reconsider in the civil context. *See United States v. Banks*, No. 09-cr-00266, 2012 WL 2502754, at *5 (D. Colo. June 28, 20120) (unpublished); *see also United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999). The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). A motion to reconsider is appropriate

where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver,* 952 F.2d at 1243). However, a "motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *D'Armond,* 80 F.Supp.2d at 1170.

Defendant Soto's principal argument in this motion appears to be that the Court erred by finding that none of Defendant Smith's out-of-court statements were "testimonial" under Tenth Circuit case law, and thus did not provide a basis to sever the case under *Bruton v. United States*, 391 U.S. 123 (1968). (Doc. # 211 at 2.) In her motion to sever, Defendant Soto asserted only that out-of-court statements made by Defendant Smith were "made to third parties," without any additional explanation of the circumstances surrounding such statements. (Doc. # 42 at 1-2.) Based on this bare-bones explanation, the Court found that such statements were not testimonial. Now, in this motion to reconsider, Defendant Soto asserts that the statements Defendant Smith allegedly made to a third party were actually made to a law enforcement agent for the purpose of exculpating Defendant Smith's companion. (Doc. # 211 at 2.) According to Defendant Soto, Defendant Smith confessed, "I'm the one who did it. I'm the one you are looking for . . . He had nothing to do with it." (Doc. # 211 at 2.)

Putting aside the fact that Defendant Soto has apparently switched horses mid-stream, the Court agrees that out-of-court statements made by Defendant Smith to law enforcement for the purpose of exculpating his companion may be considered testimonial. *See United States v. Summers*, 414 F.3d 1287, 1302

2

(10th Cir. 2005) ("a statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime."). Nevertheless, admission of such out-of-court statements does not present a *Bruton* problem, as Defendant Soto claims.

In *Bruton*, the Supreme Court held that the admission of a nontestifying codefendant's confession implicating the defendant at a joint trial violates the defendant's Sixth Amendment right to confrontation. *See Bruton v. United States*, 391 U.S. 123, 137 (1968). The key here is that a co-defendant's confession must **implicate** the defendant in order for there to be a violation of the defendant's constitutional rights. *See United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007) ("*Bruton* applies only in those few contexts where the statement is so inculpatory as to the defendant that the practical and human limitations of the jury system cannot be ignored.") (internal quotation marks omitted). In other words, the *Bruton* rule does not apply to "statements that are not directly inculpatory." *Id.* In this case, Defendant Smith's "confession" does not directly implicate Defendant Soto. Thus, severance is not warranted under *Bruton*.

The remainder of Defendant Soto's motion to reconsider simply rehashes arguments that she has already raised, and the Court has already rejected. *See D'Armond*, 80 F. Supp. 2d at 1170 (a "motion to reconsider is not a second chance for the losing party to . . . dress up arguments that previously failed.").

Accordingly, it is ORDERED THAT Defendant Soto's Motion to

Reconsider Order Regarding Motions to Sever (Doc. # 211) is DENIED.

DATED: August 21, 2012

BY THE COURT:


s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge