IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 10-cr-00612-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JOSHUA BODEAN SMITH**, and
2. **BIANCA SOTO**,

    Defendants.

## ORDER DENYING DEFENDANT SMITH'S MOTION
## FOR SEPARATE TRIAL FROM CO-DEFENDANT

This matter is before the Court on Defendant Joshua Bodean Smith's Motion for Separate Trial from Co-Defendant, filed on May 4, 2011. (Doc. # 42.) Defendant Smith requests that the Court sever his trial from Defendant Soto's. Defendant Smith contends that the admission of statements made by Defendant Soto during a custodial interrogation require severance under *Bruton v. United States*, 391 U.S. 13 (1968).[1] Although the Court agrees with Defendant Smith that some of the statements proffered by the Government may violate *Bruton*, the Government has indicated that it prefers such statements be stricken rather than have the two defendants severed. (Doc. # 205 at 2.) Thus, because the offending statements will not be admitted at trial, the Court finds that *Bruton* does not mandate severance.

---

[1] Defendant Smith also asserted that severance was warranted under Fed. R. Crim. P. 14(a). However, the Court has already denied that aspect of his motion because Defendant Smith failed to demonstrate "a strong showing of prejudice." (Doc. # 200 at 8) (citing *United States v. Dirden*, 38 F.3d 1131, 1141 (10th Cir. 1994)).

## I. BACKGROUND

Pursuant to the Superseding Indictment, Defendant Smith is charged with robbing a Cricket Communication store and a Burger King restaurant in violation of 18 U.S.C. § 1951(a). He is also charged with using a firearm in connection with those robberies in violation of 18 U.S.C. § 924(c). Defendant Soto has been charged with aiding and abetting Defendant Smith in the Burger King robbery, in violation of 18 U.S.C. § 2. (Doc. # 15.)

On August 9, 2012, the Court issued an Order regarding Defendant Smith's Motion to Sever.[2] (Doc. # 200.) The Court noted that out-of-court testimonial statements made by Defendant Soto that implicate Defendant Smith cannot be admitted into evidence at a joint trial unless Defendant Soto testifies. (*Id.* at 7.) Thus, the Court ordered the Government "to disclose which of Defendant Soto's statements it intends to introduce at trial so that the Court may determine whether to hold separate trials." (*Id.* at 8.) The Government then identified which statements it intends to offer at trial. (Doc. # 205.) The Government has placed the statements by Defendant Smith into two categories, labeled as "background" statements and "substantive" statements.

The "background" statements are:

1. Defendant Soto used to live with Defendant Smith in Georgia and then when they moved to Colorado Springs.

2. Defendant Smith is Defendant Soto's boyfriend.

3. Defendant Soto's babysitter was Sierra Blanco, whose boyfriend went by the nickname "Black."

---

[2] In the August 9, 2012 Order, the Court also denied Defendant Soto's Motion for Severance of Defendants. (Doc. # 200 at 8.)

2

4. Defendant Smith and Defendant Soto were friends with Black and Sierra.

5. Once Defendant Soto and Defendant Smith got to Colorado Springs their bills started to pile up, which added stress between them.

6. Defendant Soto began to feel more of a financial stress in October 2009 after she got demoted in the United States Army.

(*Id.* at 2.)

The "substantive" statements are:

1. Defendant Soto went for a drive on Fort Carson on October 11th at around 7:30 p.m.

2. Defendant Soto parked her car near the Burger King on Fort Carson.

3. Defendant Soto was parked across the street from the Burger King where a Godfather's Pizza used to be.

4. Defendant Soto stated that as she drove away a Military Police vehicle almost hit her vehicle.

(*Id.* at 3.)

Defendant Smith responded to the Government's identification of Defendant Soto's testimonial statements on August 20, 2012, and the Government replied on August 23, 2012. (Doc. ## 212, 219.)

## II. DISCUSSION

The Confrontation Clause of the Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Bruton*, the Supreme Court held that the introduction of a non-testifying co-defendant's out-of-court confession that directly

3

implicated the defendant violated the defendant's Sixth Amendment right to cross-examine witnesses. See 391 U.S. at 126. Thus, *Bruton* requires that "in a joint trial a defendant must be given an opportunity to cross-examine his codefendant when the government introduces a codefendant's confession that incriminates the defendant." *United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990). If it is not possible for the defendant to cross-examine the codefendant, "those portions of the codefendant's confession that incriminate the defendant must be barred from trial." *Id.* However, "the *Bruton* rule does not apply to 'statements that are not directly inculpatory but only inferentially incriminating.'" *United States v. Neha*, 301 F. App'x 811, 816 (10th Cir. 2008) (quoting *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007)).

With regard to the statements in the so-called "background" category, only one statement appears to be directly inculpatory. That statement is that once Defendant Soto and Defendant Smith got to Colorado Springs their bills started to pile up, which added stress between them. This statement is inculpatory towards Defendant Smith because it suggests his motivation for committing the armed robberies charged in the Indictment. Thus, introduction of this statement at a joint trial would violate the *Bruton* rule. This statement should therefore be stricken.[3]

None of the other statements in the "background" category appear to be directly inculpatory. However, in *United States v. Glass*, the Tenth Circuit held that the *Bruton* rule applied to a co-defendant's statement to police that was not directly inculpatory but revealed the familial relationship between the defendants, a relationship that was critical

---

[3] As noted, the Government has requested that the Court strike any statements that would violate the *Bruton* rule, rather than sever the case into two trials.

4

to making the government's case. 128 F.3d 1398, 1404-05 (10th Cir. 1997). Here, several of the statements in the "background" category are relevant to proving the close relationship between Defendant Smith and Defendant Soto. The importance of proving this relationship to the Government's case is unclear to the Court at this juncture. See United States v. Rahseparian, 231 F.3d 1267, 1278 (10th Cir. 2000) (distinguishing Glass on the basis that statements going to the relationship between brothers were not "obviously important" to the government's case). However, out of an abundance of caution, the Court finds that the admission of proffered statements concerning the relationship between Defendant Smith and Defendant Soto in a joint trial would violate the Bruton rule, and should therefore be stricken. Specifically, the Government cannot introduce the statements made by Defendant Soto that she used to live with Defendant Smith in Georgia and when they moved to Colorado Springs, or that Defendant Smith is Defendant Soto's boyfriend. The third, fourth, and sixth statements in the "background" category may be introduced into evidence at a joint trial without violating the Bruton rule, as they do not help prove the relationship between the two co-defendants.

With regard to statements in the so-called "substantive" category, the Court finds that all of these statements may be admitted without violating the Bruton rule. The facts in the instant case are similar to the facts in Richardson v. Marsh, 481 U.S. 200 (1987). In Richardson, Ms. Richardson and Mr. Williams were co-defendants in a joint trial. Mr. Williams confessed to robbery and murder and admitted to discussing the crimes while driving in a car prior to committing them. Although the confession did not refer to Ms. Richardson, evidence in trial later revealed that Ms. Richardson was in the car while

the conversation took place. See id. at 202-06. In the instant case, Defendant Soto made statements that she parked her car near the Fort Carson Burger King on the night that Defendant Smith allegedly robbed the Burger King. Although the statements made by Defendant Soto do not refer to Defendant Smith in any way, Defendant Smith asserts that the jury will infer that Defendant Smith was in the car when Defendant Soto drove to the Burger King.

In Richardson, the Supreme Court limited the scope of Bruton and held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." 481 U.S. 200, 211 (1987); see also United States v. Verduzco-Martinez, 186 F.3d 1208, 1215 (10th Cir. 1999) ("The fact that [co-defendant's] redacted statements may have inferentially incriminated [the defendant] when read in context with other evidence does not create a Bruton violation."). As in Richardson, Defendant Soto's statements do not facially incriminate Defendant Smith. Rather, Defendant Soto's statements only relate to **her** presence near the Burger King on the night of the robbery. Thus, in order for these statements to be incriminating as to Defendant Smith, the statements must be linked to other evidence. Defendant Soto's statements that she drove her vehicle to the Burger King, without mention of Defendant Smith, simply does not lead to the immediate inference that Defendant Smith was present in the car. Both the Supreme Court and the Tenth Circuit have held that the admission of these types of statements do not violate the Confrontation Clause. Thus, the statements in the "substantive"

category may be admitted with a proper limiting instruction, without running afoul of the *Bruton* rule.

## III. **CONCLUSION**

Based on the foregoing, it is ORDERED that Defendant Smith's Motion for Separate Trial from Co-Defendant (Doc. # 52) is DENIED.

However, the Government may not introduce the first, second, and fifth statements identified in the "background" category (Doc. # 205 at 2) at trial.

DATED: October 17, 2012

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

7